UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AYUDA, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:24-cv-01153-JMC |

**SUPPLEMENTAL DECLARATION OF FERNANDO PINEIRO**

**I.    INTRODUCTION**

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am the FOIA Director of the U.S. Immigration and Customs Enforcement ("ICE") Freedom of Information Act Office (the "ICE FOIA Office"). The ICE FOIA Office is responsible for processing and responding to all Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE. I have held this position since August 14, 2022, and I am the ICE official immediately responsible for supervising ICE responses to requests for records under the Freedom of Information Act, 5 U.S.C § 552 (the FOIA), the Privacy Act, 5 U.S.C. § 552a (the Privacy Act), and other applicable records access statutes and regulations. Prior to this position, I was the Deputy FOIA Officer of the ICE FOIA Office from December 29, 2013, to August 13, 2022, and prior to that I was the FOIA Officer for three years at the Office for Civil Rights and Civil Liberties ("CRCL") at the U.S. Department of Homeland Security ("DHS"). The ICE FOIA office mailing address is 500 12th Street, S.W., Washington, D.C. 20536-5009.

2.  As the FOIA Director, my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office, which is responsible for the receipt, processing, and response to all FOIA, 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE.  In that capacity, I manage and supervise a staff of ICE FOIA Paralegal Specialists, who report to me regarding the processing of FOIA and Privacy Act requests received by ICE.  In connection with my official duties, I am familiar with ICE's procedures for responding to requests for information pursuant to provisions of the FOIA and the Privacy Act.

3.  The statements contained in this supplemental declaration are based upon my personal knowledge, my review of documents kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

4.  I provide this supplemental declaration in support of Defendants' Reply in Support of Motion for Summary Judgement to Plaintiff's opposition to Defendants' Motion for Summary Judgement. In its opposition, Plaintiff alleges that from the records produced by the Defendants, there is a strong indication that a removal order existed, and therefore, Defendants' searches are inadequate. I will explain below that ICE, in show of good faith, conducted a supplemental reasonable search to ensure all reasonably locations for records were searched. ICE's supplemental search did not yield Plaintiff's removal order.

5.  The U.S. Immigration and Customs Enforcement (ICE) is responsible for protecting American through criminal investigations and enforcing immigration laws to preserve security and public safety. executing removal orders issued by an immigration court. An A-File is the official government record that contains information regarding transactions involving an individual as he or she passes through the U.S. immigration and inspection process. Although USCIS is the official custodian of all A-Files and the system manager for the Alien File/Central Index System, both the files and systems are shared with

U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP"), both of which create and contribute documents to A-Files. A-Files generally consist of, among other things, information relating to the adjudication of benefits, investigation of immigration violations, and enforcement actions. The content of A-Files varies greatly depending on the person, and may contain a wide variety of documents, including but not limited to: naturalization certificates; birth and marriage certificates; applications, petitions, and requests for immigration determinations or agency action under the immigration and nationality laws; reports of arrests and investigations; statements; other reports; records of proceedings before or filings made with the U.S. immigration courts and any administrative or federal district court or court of appeal; correspondence; and memoranda. *See generally* 82 Fed. Reg. 43556 (Sept. 18, 2017).

6.      USCIS is the custodian for approximately 70 million A-files. The average A-File includes around 260 pages, but the size of A-Files varies significantly based on the number of interactions with U.S. officials, as well as the amount of material that the individual submits to the government. An A-File could be as small as a few pages or, in some cases, consist of thousands of pages, depending on the individual's immigration history, criminal history, employment history, and prior immigration proceedings.

7.      In response to Plaintiff's Opposition to Defendants' Motion for Summary Judgement, ICE conducted a supplemental search of the Office of Principal Legal Advisor (OPLA). OPLA is the largest legal program in the Department of Homeland Security (DHS) with more than 1,300 attorneys and nearly 300 support personnel with diverse backgrounds and perspectives. OPLA serves as the exclusive legal representative of DHS in exclusion, deportation, and removal proceedings before the U.S. Department of Justice (DOJ), Executive Office for Immigration Review in immigration courts across the country. OPLA also provides

a full range of legal services to all ICE programs and offices. OPLA provides legal advice to ICE personnel on their law enforcement authorities, the Federal Tort Claims Act, the Freedom of Information Act and Privacy Act, ethics, contracts, fiscal law, and employment law. OPLA attorneys support DOJ in the prosecution of ICE cases and in the defense of civil cases against ICE. In addition to headquarters in Washington, D.C., OPLA operates in more than 60 locations across the country. Within OPLA an Associate Legal Advisor (ALA) searched OPLA's case management system, PLAnet using Plaintiff's A-number and name to search for any responsive records. The search did not yield the removal order. Per the ALA, it appears that the Notice to Appear—which is a document notifying noncitizens to appear before an immigration court-- was never issued and hence there may not have been a removal proceeding against the Plaintiff. If there was a hearing, a record would most likely be in Plaintiff's A-file. Because no such order was located, we can only conclude that she is not currently in removal proceedings and that no removal order for her exists.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated the 2nd day of December, 2024.

                                                                                                  _____
Fernando Pineiro, FOIA Director
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009