UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AYUDA, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　Defendants. | Civil Action No. 24-1153 (JMC) |

**DEFENDANTS' COMBINED REPLY
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO
<u>PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Defendants the Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS"), Immigration and Customs Enforcement ("ICE"), Department of Justice ("Department"), and the Executive Office for Immigration Review ("EOIR"), respectfully file this combined reply in support of their motion for summary judgment ("Def.'s Mot.," ECF No. and opposition to Plaintiff's cross-partial motion for summary judgment ("Pl.'s Mot.," ECF No. 23) in this Freedom of Information Act ("FOIA") case.

It is undisputed that none of the named agencies—USCIS, ICE, and EOIR, found a "removal" order pertaining to Plaintiff's client, Arrecy Aguilar Rivera. As EOIR now attests, it found no removal order because none exists. *See* Supplemental Declaration of Matthew Broussard ("Supp. Broussard Decl."). Contrary to Plaintiff's speculative assertions, there is no inconsistency in Defendants' position, particularly one of a material fact that would preclude the Court from entering judgment as a matter of law in their favor. Plaintiff's speculation that a removal order nevertheless exists is insufficient to overcome summary judgment when Plaintiff fails to identify how Defendants' searches were unreasonable and fails to provide any concrete suggestions as to other directorates or systems that should have been searched, or other search terms that should have been employed. Finally, Plaintiff withdraws whatever challenges it had to Defendants' withholdings, and based on the undisputed record, the Court may enter judgment as a matter of law on Count II of the Complaint, as well as judgment as a matter of law on ICE's withholdings. *See* Pl.'s Mot. at 2 n.3; *see also* Pl.'s Resp. Def.'s Stmt. ¶¶ 30-33, 34-35, 36-49, 50-53.

## ARGUMENT

Plaintiff argues that it is entitled to judgment in its favor because of purported "inconsistencies" in the Government's position and because Government records refer to a removal proceeding or removal order that has not been produced. Pl.'s Mot. at 8-9. In support of this argument, Plaintiff points to an attachment to the Baxley Declaration (ECF No. 20-6 at 34), a

letter from USCIS dated July 19, 2023, notifying Ms. Aguilar that she was *either* "subject to a final order of removal or deportation issued by an immigration judge" or "are in active removal proceedings." *Id*. Based on this language, Plaintiff insists there must exist a removal order that the Government has failed to uncover. Plaintiff does not suggest *where* this purported removal order may be located or how Defendants should search for its existence. This argument is flawed for a few reasons.

First, as EOIR's declarant states, EOIR conducted a search through its CASE system, using the "alien number" provided by Plaintiff; that yielded no results. Broussard Decl. ¶ 16 (ECF No. 20-2 at 8). A subsequent search using not just the "alien number" but also Ms. Aguilar's name also yielded no results. *Id*. ¶ 18. Plaintiff retorts that Mr. Broussard "does not state that the CASE system contains a "hit" for every alien ID number with an associated case." Pl.'s Opp. at 9. That argument misses the point, as Mr. Broussard noted that he searched the CASE system using not only the "alien number," but also Ms. Aguilar's name. Pl.'s Opp. at 9. Even if one assumed that the system did not contain a "hit" for every "alien number" associated with a case, Plaintiff makes no argument that the same can be said for a search of Ms. Aguilar's name. And as Mr. Broussard now makes clear, "if a respondent's information is in CASE, a search of the respondent's alien number will return the matching result. If there is no respondent associated with the alien number, CASE returns a page that reads 'No Match Found.'" Supp. Broussard Decl. ¶ 1. Thus, the logical inference the Court can make is that if there were a responsive record, it would have been logged within the CASE system, and it would have resulted in a production to Ms. Aguilar. That did not occur.

Second, Plaintiff argues that "Mr. Broussard offers no reason why he did not contact the Washington region's Immigration Courts to check if a hard copy file might be located that was

somehow not recorded in CASE." Pl.'s Opp. at 9. But Plaintiff does not explain why the Washington immigration court would be likely to have additional responsive records that are not within EOIR's possession, or that would be captured within the CASE system. Rather, Plaintiff simply speculates that EOIR should have searched this location but provides no explanation as to why. Yet as Mr. Broussard attests, because "immigration courts also use CASE to locate records, neither of the Washington region's courts would be able to produce any records not discoverable in CASE." Supp. Broussard Decl. ¶ 1. Thus, judging EOIR's search by a test of "reasonableness," *Larson v. Dep't of State*, 565 F.3d 857, 869 (D.C. Cir. 2009), EOIR conducted an adequate search for records in response to Plaintiff's FOIA request. *White v. Dep't of Just.*, No. 12-5067, 2012 WL 3059571, at *1 (D.C. Cir. July 19, 2012) ("Appellee's failure to locate documents responsive to appellant's request appears to be a function of the limited information provided in appellant's request, and appellant has not demonstrated that appellee had a duty to investigate and provide additional search terms.").

Third, Plaintiff argues that ICE's search is "dubious" because instead of a removal order, it located only an "Enforce Alien Removal Module" case report, which as Plaintiff concedes and acknowledges, indicates that there is no removal order, and that the charge filed on October 19, 2013, is not sustained. Pl.'s Opp. at 10. Nevertheless, Plaintiff goes on to speculate with no evidentiary support that the "law clerk" who entered that information into the case summary "would have drawn that conclusion" from a "document" that was not produced in response to Plaintiff's FOIA request. *Id*. Plaintiff presents no support for this conclusion, let alone evidence of an undisputed fact that would entitle it to summary judgment. If anything, the EARM case reports supports the Government's inability to find a "removal order" given that the document

- 3 -

indicates there has been no "final order of removal," and that the charges against Ms. Aguilar were not sustained. *See* Pl.'s Mot., Ex. 2 (ECF No. 22-2 at 7-8).

Moreover, ICE conducted a supplemental search of the Office of Principal Legal Advisor within the Department of Homeland Security, which provides legal advice to ICE personnel on their law enforcement authorities (among other things). *See* Supplemental Declaration of Fernando Pineiro ("Supp. Pineiro Decl."). A search of the Office of Principal Legal Advisor's case management search did not return any responsive records, including a removal order. Supp. Pineiro Decl. ¶ 7. As Mr. Pineiro explains, a "Notice to Appear," the document that notifies noncitizens to appear before an immigration court, was never issued and thus there "may not have been" a removal proceeding against Ms. Aguilar. *Id*. If there had been a hearing, a record would likely appear in her file, but it does not. Thus, ICE attests that the only conclusion is that Ms. Aguilar is not currently in removal proceedings, and that no removal order for her exists. *Id*. Given this, ICE conducted a search that was reasonably calculated to lead to responsive records. That no removal order was found does not change this outcome. In sum, Defendants are entitled to judgment in their favor.

## CONCLUSION

For the reasons stated herein and in Defendants' opening motion, the Court should grant judgment as a matter of law in favor of Defendants and deny Plaintiff's cross-motion for partial summary judgment.

\*   \*   \*

|  |  |
|---|---|
| Dated: December 2, 2024 | Respectfully submitted,<br><br>MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br><br>By: */s/ Brenda González Horowitz*<br>   BRENDA GONZÁLEZ HOROWITZ<br>   Assistant United States Attorney<br>   601 D Street, NW<br>   Washington, DC 20530<br>   (202) 252-2512<br><br>*Attorneys for the United States of America* |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AYUDA, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>      Defendants. | Civil Action No. 24-1153 (JMC) |

### **[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' motion for summary judgment and Plaintiff's partial cross-motion for summary judgment, and the entire record herein, it is hereby

ORDERED that Plaintiff's motion is DENIED, and it is further

ODERED that judgment as a matter of law is entered in favor of Defendants.


SO ORDERED:


_____                              _____
Date                                                                JIA M. COBB
                                                                        United States District Judge